Allegheny Forging Company v. Commissioner.
Allegheny Forging Co. v. Commissioner
Docket No. 7827.
United States Tax Court
1947 Tax Ct. Memo LEXIS 236; 6 T.C.M. (CCH) 415; T.C.M. (RIA) 47102; April 23, 1947
*236 S. C. Pugliese, Esq., for the petitioner. Stanley L. Drexler, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined for 1941 a deficiency of $83.85 in declared value excess-profits tax and a penalty of $20.96, and deficiencies of $1,436.41 and $13,470.49 in excess profits tax for 1940 and 1941 and a penalty for 1941 of $3,367.62. The only issue for decision is whether the Commissioner erred in denying for lack of substantiation $300,000 of equity invested capital claimed by the petitioner. Findings of Fact The petitioner is a Pennsylvania corporation. Its returns for 1940 and 1941 were filed with the collector of internal revenue for the twenty-third district of Pennsylvania. The Board of Directors of the petitioner adopted a resolution on March 12, 1917 to increase the capital stock of the corporation from $5,000 to $200,000. There were then outstanding five shares of $100 par value stock. The stockholders met on that same day and authorized the increase in capital "at once or from time to time, and at such time or times as the directors may determine, and to issue the same at par for cash or property, or both. *237 " The Board of Directors resolved on April 29, 1918 that the capital stock was increased from $5,000 to $200,000. The following is from the minutes of a special meeting of the Board of Directors held on January 2, 1918: It was regularly moved and seconded that a paid-in surplus of $100,000.00 be taken for additional capital. The record does not show whether the motion was voted upon or what the result of the vote was. The Board of Directors resolved on December 4, 1919 to increase the capital stock from $200,000 to $500,000, and directed that a meeting of stockholders be called for that same day to act upon the proposed increase. The secretary certified on that day that "the capital stock of this Company is fixed at 2000 shares of the par value of $100. each, which has all been subscribed and paid for and issued." The petitioner, on its returns for 1940 and 1941, claimed equity invested capital of $300,000. The Commissioner, in determining the deficies, denied the claim in toto and explained: It is determined that equity invested capital claimed by you, in the amount of $300,000.00 for the year 1940 [and 1941], has not been substantiated and must be denied. Opinion *238 MURDOCK, Judge: The petitioner is claiming $300,000 of equity invested capital for every day of 1940 and 1941. His counsel has not explained just which provisions of the statute this claim is alleged to come under. Section 718 is in part as follows: SEC. 718. EQUITY INVESTED CAPITAL. (a) DEFINITION. - The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b) - (1) MONEY PAID IN. - Money previously paid in for stock, or as paid-in surplus, or as a contribution to capital; (2) PROPERTY PAID IN. - Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. * * *
(4) EARNINGS AND PROFITS AT BEGINNING OF YEAR. - The accumulated earnings and profits as of the beginning of such taxable year; and * * *
(b) REDUCTION IN EQUITY INVESTED CAPITAL. - The amount by which the equity invested capital for any day shall be reduced as provided *239 in subsection (a) shall be the sum of the following amounts - (1) DISTRIBUTIONS IN PREVIOUS YEARS. - Distributions made prior to such taxable year which were not out of accumulated earnings and profits; * * *
The claim of the petitioner must come under some of the above-quoted provisions. We agree with the Commissioner that this claim must be denied because it has not been substantiated. Counsel for the petitioner has apparently produced all of the evidence which he had available and may have been handicapped by the unavailability of witnesses. Nevertheless, he had the burden of showing that the petitioner was entitled to some equity invested capital and there has been an almost complete failure of proof. It does not appear that any money or property was ever paid in for stock. If the statement that 2,000 shares of $100 par had been subscribed, and paid for and issued, were accepted as proof that money or property had been paid in, then it would be just as reasonable to assume that property was paid in as that cash was paid in, and there is no evidence whatsoever of the basis for determining loss upon sale or exchange of any such property. The resolution in regard to the *240 paid-in surplus of $100,000 is just as consistent with the capitalization of earnings as paid-in surplus as it is with a paid-in surplus created by the payment by the stockholders to the corporation of additional cash or property. If the payment was property, then the basis is not known. If it was a capitalization of earnings, the petitioner is clearly not entitled to any equity invested capital on that account for 1940 and 1941 because the returns of the petitioner, which are in evidence, show that it had no earnings and profits accumulated at the beginning of the taxable year but had lost any accumulation of earnings, including any paid-in surplus, many years before. The petitioner, relying upon a distorted notion of the burden of proof in cases like this, points to a letter from the Internal Revenue Agent in Charge dated July 22, 1944, which contains the statement: The 1925 return indicates that a distribution in liquidation occurred in that year which resulted in the return of paid in capital. No information being available regarding the year 1925, the only invested capital allowed is the borrowed capital. The petitioner argues that its only burden, in the light of that statement, *241 was to show that there was no liquidating distribution in 1925. The notice of deficiency in this case was dated February 2, 1945. It contains the following statement: In making this determination of your income tax, declared value excess-profits tax and excess profits tax liability, careful consideration has been given to the reports of examination dated February 17, 1944 and July 5, 1944; to your protest dated August 19, 1944; and to the statements made at the conferences held on September 6, 1944, November 17, 1944 and November 22, 1944. No reference is made in the notice of deficiency to the letter from the Internal Revenue Agent in Charge dated July 22, 1944, and it is obvious from the statement just quoted that the petitioner can gain no leverage whatsoever from that letter. The determination of the Commissioner may not be based upon that letter or the theory expressed therein. Furthermore, the evidence indicates that the petitioner may very well have made a liquidating distribution to its stockholder or stockholders in 1925. Cf. The Christman Company, 8 T.C. 679 (March 31, 1947). There is some indication that it may have had notes of the stockholders which it *242 cancelled at that time or it may have made a distribution in another form. It was practically dormant for a number of years between World War I and World War II. But all of the evidence in regard to early capital and to possible distributions is too vague, uncertain, and unreliable to form a basis for any additional findings. This works to the petitioner's disadvantage because the determination of the Commissioner is presumed to be correct, at least until a prima facie case is made out by the petitioner. The petitioner states that it was allowed invested capital of $300,000 for 1918, 1919, and 1920. The record does not prove that but the respondent concedes it in his brief. This does not prevent a failure of proof because it does not follow that the Commissioner is now in error. That invested capital may have included earnings which later disappeared, or it may have been wiped out by a distribution in 1925, which has not been negatived by the petitioner. Decision will be entered for the respondent.